# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO LA-SHAUN CRUZ, | Civil No. 3:17-CV-01479 |
| Petitioner, | |
| v. | |
| DAVID J. EBBERT, | |
| Respondent. | Judge Jennifer P. Wilson |

## MEMORANDUM

Petitioner, Antonio La-Shaun Cruz, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his Armed Career Criminal Act ("ACCA") sentence violates his due process rights in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016),[1] and *Mathis v. United States*, 136 S. Ct. 2243 (2015). (Docs. 1-2, 14, 16.) Cruz seeks either release or resentencing without the ACCA enhancement. For the reasons that follow, the petition will be dismissed for lack of jurisdiction, and the motions to supplement or amend will be denied.

---

[1] In *Johnson*, the Supreme Court held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The ACCA's "residual clause" defines a "violent felony" for the purpose of determining whether a defendant qualifies for the fifteen-year sentence mandated by the ACCA. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1260–68.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 12, 2006, a jury in the United States District Court for the Southern District of Florida convicted Cruz of possession with intent to distribute crack cocaine near a playground, in violation of 21 U.S.C. §§ 841(a) and 860 (Count I); carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count II); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count III).  *See United States v. Cruz*, 225 F. App'x 807, 808 (11th Cir. 2007) (*Cruz I*) (affirming Petitioner's conviction).  At sentencing, the district court designated Cruz as an armed career criminal under the ACCA, 18 U.S.C. § 924(e)(2).[2]  The district court sentenced Cruz to a term of 188 months' imprisonment on Counts I and III, to run concurrently, with a consecutive 60-month sentence on Count II.  *Cruz I*, 225 F. App'x at 809.  On direct appeal Cruz challenged his convictions but not his sentence.  The United States Court of Appeals for the Eleventh Circuit Court affirmed Cruz's convictions on direct

---

[2]  Cruz's presentence investigation report "did not specify the ACCA predicate crimes that triggered the sentence enhancements, but stated that Cruz had Florida juvenile adjudications for: (1) burglary of a dwelling and grand theft, 1998; (2) aggravated assault with a deadly weapon, 1998; (3) grand theft auto, 1998; three convictions for delivery of cocaine, 1998; (4) possession/sale/delivery of cocaine and possession/sale/delivery of cocaine within 1,000 feet of school, 1999; and (6) battery on a law enforcement officer, 1999." *See* Doc. 7-1, *In re: Antonio Cruz*, No. 16-12530-J, at *3 (11th Cir. 2016) (*Cruz II*) (denying Petitioner leave to file a second or successive motion pursuant to 28 U.S.C. § 2255(h)).

appeal on May 18, 2007. *Cruz I,* 225 F. App'x at 812. Cruz did not seek review from the United States Supreme Court.

In August 2008, Cruz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on counsel's alleged ineffectiveness due to his failure "to investigate the validity of his prior conviction and object to the ACCA and § 4B1.4 enhancements." *Cruz II,* No. 16-12530-J, at *3. The sentencing court denied his motion on February 13, 2009. Cruz did not file an appeal. *Id*.

Cruz, with the aid of counsel, filed a motion pursuant to 28 U.S.C. § 2255(h) for leave to file a second or successive motion to vacate, set aside or correction of his sentence with the United States Court of Appeals for the Eleventh Circuit. *See Cruz II*, No. 16-12530-7 (11th Cir. 2016). Cruz asserted that the United States Supreme Court's decisions in *Johnson* and *Welch* made his sentence enhancement under the ACCA unconstitutional. Denying the motion, the Eleventh Circuit Court of Appeals held that while *Johnson* found the residual clause of the ACCA unconstitutionally vague, "it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a

violent felony."[3] *Cruz II*, No. 16-12530-J at *5. The Eleventh Circuit Court of Appeals held:

> [T]he record shows that Cruz has at least three prior felony convictions that qualify as ACCA predicate offenses under the elements clause of the ACCA, or the 'serious drug offense' prong of the statute, without resort to the residual clause invalidated by *Johnson*.
>
> Cruz has four separate juvenile adjudications for delivery of cocaine and one for delivery of cocaine within 1,000 feet of a school. These convictions qualified as ACCA predicate serious drug offenses, and *Johnson* did [not] affect the definition of a 'serious drug offense.' Therefore, these five drug convictions qualify as ACCA predicate crimes. [ ]
>
> . . .
>
> While Cruz's five drug offenses are enough standing alone to qualify him for the ACCA enhancement, his juvenile adjudication for aggravated assault with a deadly weapon is another predicate offense under the elements clause. An act of juvenile delinquency qualifies as a violent felony under the ACCA if it involves the using or carrying of a knife and meets the requirements of the elements clause. *See* 18 U.S.C. § 924(e)(2)(B). Here, the unobjected-to facts in the PSI state that Cruz attempted to stab the victim with a steak knife, and we have already held that Florida aggravated assault is an ACCA predicate violent felony under the elements clause. *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–38 (11th Cir. 2013).

---

[3] The ACCA definition of a "violent felony" is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another" (referred to as the elements clause) or "(ii) is burglary, arson, or extortion, involves use of explosives" (referred to as the enumerated offenses clause) "or otherwise involves conduct that presents a serious potential risk of physical injury to another (referred to as the residual clause)." 18 U.S.C. § 924(3)(2)(B)(i) and (ii); *see also Cruz II*, No. 16-12530-J at *4–5.

> Therefore, Cruz's adjudication meets the definition of a 'violent felony' under the ACCA.
>
> Accordingly, Cruz's ACCA sentence is valid without regard to the residual clause. Because at least three of Cruz's convictions qualify under the ACCA even without the now-voided residual clause, his counseled application does not contain a prima facie claim that his ACCA sentence falls within the new rule in *Johnson*, as required by 28 U.S.C. § 2255(h).

*Cruz II*, No. 16-12530-J at *6–7 (footnotes omitted). The Eleventh Circuit added that "Cruz's ACCA firearm sentence of 188 months runs concurrent to his 188-month sentence for possession with intent to distribute crack cocaine within 1,000 feet of a playground. Therefore, relief from his ACCA sentence would not have affected the overall length of his prison term." *Id.* at n. 4.

 Cruz properly filed his section 2241 petition in this court while confined at the Lewisburg United States Penitentiary in Lewisburg, Pennsylvania.[4] His subsequent transfer to a facility in a different district does not divest this court of jurisdiction over his petition. *See Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990) (jurisdiction over § 2241 petition determined "when the petition was filed.") (*See* Docs. 1 and 2.)

---

[4] Cruz is currently housed at USP Lee in Pennington Gap, Virginia. *See* https://www.bop.gov/inmateloc/ (last visited July 10, 2020).

Cruz raises the same arguments in this action that he raised in his unsuccessful 28 U.S.C. § 2255(h) motion. He argues that following the United States Supreme Court's decisions in *Johnson* and *Welch*, he is no longer an armed career criminal and needs to be resentenced on grounds of actual innocence of the career offender enhancement. (Doc. 1.) He adds that as he was unsuccessful in obtaining leave to file a successive § 2255 motion to raise these claims, he has "no other remedy than § 2255(e), 28 U.S.C. § 2241 . . . to challenge the § 924(e) enhancement as defying the U.S. Supreme Court's announcement in *Johnson* and *Welch* because Petitioner was enhanced under §§ 924(e)(2)(b)(ii) in 2006." (Doc. 2.) The Government contends the petition should be dismissed for lack of jurisdiction as Cruz cannot show that a § 2255 motion would be inadequate or ineffective to test the legality of his detention and he therefore cannot raise his claim by way of § 2241. (*See* Doc. 7.) Cruz's reply to the Government's response reiterates that he is not a career offender in light of *Johnson, Welch,* and *Mathis*. (Doc. 11.) The petition is now fully briefed, and ripe for disposition.

After the Government filed a response to the petition, Cruz sought leave to add a claim based on *Mathis*. (Docs. 14, 16.)   The Government did not respond to Cruz's requests to supplement and amend the petition to add a *Mathis* claim. The time to respond having expired, these motions are also ripe for disposition.

**DISCUSSION**

**A. The court lacks jurisdiction over Cruz's § 2241 petition.**

In pertinent part, 28 U.S.C. § 2241(a) provides: "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." However, "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Under limited circumstances, it is possible for a federal prisoner to challenge his conviction or sentence under § 2241. "Congress [ ] provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bruce*, 868 F.3d at 178 (quoting 28 U.S.C. § 2255(e), referred to as the "savings clause").

"There are situations where the remedy under § 2255 is actually 'inadequate or ineffective,' but they are rare." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. U.S.*

*ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

A federal prisoner seeking to attack the validity of his conviction may proceed under section 2241 only if he can satisfy two conditions. *See Cordaro v. United States*, 933 F.3d 232, 239 (3d Cir. 2019). "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision … in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review" and "[s]econd, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255." *Bruce*, 868 F.3d at 180 (internal quotation marks omitted) (citing *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). The burden is on the prisoner to show the inadequacy or ineffectiveness of section 2255. *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Id*. at 1165.

Cruz's claim in this section 2241 petition is not based upon a contention that the conduct which led to his conviction is no longer criminal because of a change in the law.  Rather, he challenges the validity of the sentence imposed by the United States District Court for the Southern District of Florida based on Supreme Court decisions applied retroactively to cases on collateral appeal, specifically *Johnson* and *Welch*.[5]  Thus, he must raise such claims in the sentencing court under 28 U.S.C. § 2255 unless he demonstrates that the remedy under section 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Accordingly, the threshold question here is whether Cruz may bring his claim in a habeas petition under section 2241 utilizing the savings clause.

The savings clause affords Cruz no relief.  Cruz already presented his *Johnson* claim in his 28 U.S.C. § 2255(h) motion before the Eleventh Circuit Court of Appeals.  The Eleventh Circuit Court of Appeals carefully evaluated Cruz's *Johnson* claim and ruled against Cruz.  The fact that Cruz was unsuccessful in obtaining permission to file a second or successive section 2255 motion does not, without more, demonstrate the inadequacy or infectiveness of section 2255 to challenge the legality of his detention.  *See Littles v. Warden Schuylkill FCI*, 797 F.

---

[5] Cruz also argues that *Mathis* applies.  But, *Mathis* has not been declared retroactive by the United States Supreme Court or the Third Circuit Court of Appeals, nor is it a new rule of constitutional law applicable to cases on collateral review.  *See Peppers*, 899 F.3d at 229 ("The Supreme Court has never held that *Mathis* ... appl[ies] retroactively to cases on collateral review, nor do any combination of Supreme Court precedents dictate the retroactivity of" *Mathis*.)

9

App'x 727, 729 (3d Cir. 2020) (district court lacked jurisdiction to consider petitioner's *Johnson* claim after his authorized successive section 2255 motion raising same claim was dismissed as untimely). As in *Littles,* Cruz "would have to show that he has a right to challenge his career-offender designation under *Johnson* but that § 2255 provides no remedy". *Id*. at 730.

Cruz cannot make this showing. The consideration of Cruz's section 2255(h) motion by the Eleventh Circuit Court of Appeals proves the availability of the remedy afforded by section 2255. The fact that the Court of Appeals ruled against Cruz does not diminish the availability of the section 2255 remedy. Accordingly, there is no basis to permit Cruz to proceed under section 2241.

**B. Cruz's motions to supplement and amend are denied.**

Cruz's motions to supplement or amend his petition to include a *Mathis* claim will be denied. First, the court cannot grant permission to supplement a petition it lacks jurisdiction to address. Second, Cruz has not demonstrated that section 2255 is inadequate or ineffective to address his *Mathis* claim. Additionally, the Supreme Court has never held *Mathis* to apply retroactively to cases on collateral review. *See United States v. Peppers*, 899 F.3d 211, 229 (3d Cir. 2018); *see also Boatright v. Warden Fairton FCI*, 742 F. App'x 701, 703–04 (3d Cir. 2017) (affirming dismissal of petitioner's § 2241 petition for lack of

jurisdiction because he could not resort to § 2241 to raise *Mathis*–based claims). Thus, Cruz's motions to supplement or amend will be denied. (Docs. 14 and 16.)

## Conclusion

For the foregoing reasons, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, is dismissed for lack of jurisdiction. The motions to supplement and amend the habeas corpus petition to include a *Mathis* claim, Docs. 14, 16, are denied. Because Cruz is not detained per a state court process, and the petition is not brought pursuant to 28 U.S.C. § 2255, no action is necessary with respect to a certificate of appealability. An appropriate order will issue.

Dated: July 10, 2020

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania